# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

GABRIEL SALINAS,

    *Defendant*.

Case No. 11-10169-01-EFM

## MEMORANDUM AND ORDER

Defendant Gabriel Salinas was indicted on one charge of possession with intent to distribute approximately 43.79 grams of methamphetamine. Before the Court is Defendant's Motion to Dismiss the Indictment (Doc. 13) due to a violation of Rule 5(a) of the Federal Rules of Criminal Procedure and the Fourth and Fifth Amendments to the United States Constitution. For the following reasons, the Court denies the motion.

### I. Factual Background[1]

The Kiowa County Sheriff's Department arrested Salinas in Greensburg, Kansas, on June 17, 2011. That same day, Salinas was booked into the Kiowa County Jail on several state charges. On June 20, 2011, the Kiowa County Attorney filed a complaint in state court charging Salinas with

---

[1] The parties do not dispute the facts relevant to the instant motion and the following recitation relays the facts as set out by the parties and exhibits.

three felonies and six misdemeanors. On June 23, 2011, Salinas was brought before a state court judge for a first appearance. The State brought additional charges against Salinas on June 30, 2011.

On August 18, 2011, the District of Kansas charged Salinas by criminal complaint with possession with intent to distribute.[2] On August 22, 2011, federal agents arrested Salinas and he was taken into federal custody. Later that same day, Salinas made his first appearance in the District of Kansas before a federal magistrate judge.[3] Salinas brings the present motion alleging that the six-day delay between his arrest by state officials and his first appearance in state court violated Rule 5(a) of the Federal Rules of Criminal Procedure as well as Salinas's constitutional rights.

## II. Legal Standard

*A.    Federal Rules of Criminal Procedure Rule 5(a)*

Rule 5(a) of the Federal Rules of Criminal Procedure states in relevant part, "A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer . . . ."[4] Rule 5(a) is a codification of Supreme Court precedent intended to prevent law enforcement officers from obtaining a confession before giving a suspect notice of his or her constitutional rights.[5] In light of this purpose, if an arresting officer violates Rule 5(a) and the suspect subsequently makes an incriminating statement or confession, the statement must be suppressed regardless of its voluntariness.[6] Nevertheless, this

---

[2] Doc. 1.

[3] Doc. 3.

[4] Fed. R. Crim. P. Rule 5(a)(1)(A).

[5] *See United States v. Torres*, 663 F.2d 1019, 1023 (10th Cir. 1981).

[6] *Butterwood v. United States*, 365 F.2d 380, 384 (10th Cir. 1966) (citations omitted).

remedy is not a Constitutional prohibition, and "[i]t applies only to federal officials and an arrest under federal law."[7]

B.  *Fourth Amendment*

To safeguard an individual's right to be free from unreasonable search and seizure, the Fourth Amendment requires judicial determination of probable cause within 48 hours of a warrantless arrest.[8] If a suspect remains incarcerated after 48 hours, the government bears the burden of proving an emergency or other extenuating circumstances that justify the delay.[9] The Supreme Court has declined to articulate the appropriate remedy in the event the government violates the Fourth Amendment by exceeding the 48-hour rule.[10]

C.  *Fifth Amendment*

The Fifth Amendment to the Constitution secures to an accused the right to due process of law.[11] The Due Process Clause ensures "fundamental fairness" such that relief is required where the conduct of law enforcement officials is so outrageous that it is shocking to the universal sense of justice.[12] "The Due Process Clause warrants dismissal of indictments for preindictment delay only in exceptional circumstances."[13] Specifically, a defendant must show that (1) he or she suffered

---

[7] *Id.*

[8] *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)); *see also* U.S. Const. amend. IV.

[9] *McLaughlin*, 500 U.S. at 57.

[10] *See Powell v. Nevada*, 511 U.S. 79, 85 n.* (1994) ("Whether a suppression remedy applies in that setting remains an unresolved question.").

[11] *See* U.S. Const. amend. V.

[12] *See United States v. Russell*, 411 U.S. 423, 431–32 (1973).

[13] *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1988).

actual prejudice resulting from the delay, and (2) the delay was intentionally designed to gain a tactical advantage.[14] "[G]eneral, vague, and conclusory assertions of prejudice [are] inadequate to establish a due process violation."[15]

### III. Analysis

Salinas alleges that the six-day delay between his arrest by state law enforcement officials and his appearance before a state court judge constitutes a violation of Rule 5(a) as well as the Fourth and Fifth Amendments to the Constitution. The Court disagrees and concludes that Salinas is not entitled to dismissal of the federal indictment on any of the grounds cited in his motion.

First, Rule 5(a) did not become applicable until Salinas was taken into federal custody on August 22, 2011.[16] Salinas appeared before a federal magistrate "without unnecessary delay" on the same day of his arrest.[17] Salinas correctly notes that "delay between a defendants [sic] arrest on state charges and presentment to a federal magistrate on subsequent federal charges does not allow for any remedy."[18] Salinas argues, however, that the state and federal government colluded to cause the

---

[14] *See United States v. Colonna*, 360 F.3d 1169, 1176–77 (10th Cir. 2004); *United States v. Revada*, 574 F.2d 1047, 1048 (10th Cir. 1978).

[15] *United States v. Padilla*, 819 F.2d 952, 963 (10th Cir. 1987) (citation omitted).

[16] *See, e.g.*, *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994) ("Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a *federal* offense." (Emphasis in original)). *Torres*, 663 F.2d at 1023 ("Rule 5(a) becomes applicable once the accused is taken into federal custody."); *Butterwood*, 365 F.2d at 384 ("[Rule 5(a)] has no application to an arrest made under state law."); *Swift v. United States*, 314 F.2d 860, 862 (10th Cir. 1963) ("[Rule 5(a)] has no application in this instance since the record here is clear that, at the time the statement was made by Swift, he had been arrested on a state charge and was in the sole custody of state officers.").

[17] Fed. R. Crim. P. Rule 5(a)(1)(A).

[18] Doc. 13, p. 5.

delay.[19] Furthermore, Salinas notes that the Supreme Court has left open the possibility of affording a remedy in the event "state or local authorities, acting in collusion with federal officers, were to arrest and detain someone in order to allow the federal agents to interrogate him in violation of his right to a prompt federal presentment."[20] But the Supreme Court declined to announce an appropriate remedy under such circumstances because the pending case presented no evidence that complicity between the state and federal government caused the defendant to confess.[21] Similarly, Salinas has not provided any evidence of collusion in this case beyond his own conclusory allegations.[22]

Second, the government did not violate Salinas's Fourth Amendment rights because he appeared before a federal magistrate less than 24 hours after Salina's arrest by federal officials.[23] It is inarguable that Salinas did not receive a judicial determination of probable cause on *state* charges within 48 hours of his arrest by *state* officials. But as Salinas acknowledges, no precedent

---

[19] *See Anderson v. United States*, 318 U.S. 350, 356 (1943) (concluding that where a working arrangement existed between state and federal officials that facilitated abuse of process leading to a suspect's incriminating statements, the fact that the federal officers were not guilty of wrongdoing is irrelevant), *accord Torres*, 663 F.2d at 1024.

[20] *Alvarez-Sanchez*, 511 U.S. at 359–60 (noting that collusion between state or local authorities and federal officials is "one presumably rare scenario that might present some potential for confusion," but declining to consider the appropriate remedy in the event of such collusion).

[21] *Id.*

[22] *See Torres*, 663 F.2d at 1024 (citations omitted) ("More than a 'bare suspicion' of a working arrangement is required to show constructive federal custody as having occurred at the moment of state arrest.").

[23] *McLaughlin*, 500 U.S. at 56. The Supreme Court has noted that hearings held within the 48-hour period may nonetheless violate the Fourth Amendment if the detainee "can prove that his or her probable cause determination was delayed unreasonably." *Id.* In this case, however, Salinas has not made any allegation that there was unreasonable delay between the time of his arrest by federal officers and his appearance before the magistrate judge.

authorizes the dismissal of a federal indictment as a remedy for constitutional violations by the state.[24]

Finally, the federal government has not violated Salinas's right under the Fifth Amendment to due process of law. Aside from the six-day delay between Salina's arrest and arraignment at the state level, Salinas does not allege any improper conduct by federal officials, let alone outrageous conduct that is "shocking to the universal sense of justice."[25]

The Court concludes that the government did not violate Salinas's rights under Rule 5(a) or the Constitution. For this reason, it is unnecessary to consider the legal question of whether a violation of Rule 5(a) warrants dismissal of an indictment as well as suppression of incriminating statements.[26]

**IT IS ACCORDINGLY ORDERED** this 19th day of October, 2011 that Defendant's Motion to Dismiss the Indictment (Doc. 13) is hereby **DENIED**.

**IT IS SO ORDERED**.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] *See, e.g.*, *United States v. Headdress*, 953 F. Supp. 1272, 1294 (D. Utah, 1996) (noting that 48-hour rule announced in *McLaughlin* did not take effect with respect to federal charges until the defendant was arrested by federal officers).

[25] *Russell*, 411 U.S. at 432; *see also Padilla*, 819 F.2d at 963 ("[G]eneral, vague, and conclusory assertions of prejudice [are] inadequate to establish a due process violation.").

[26] *See, e.g.*, *United States v. Arriola-Perez*, 137 Fed. Appx. 119, 126 n.4 (10th Cir. 2005) (declining to consider whether Rule 5(a) is grounds for dismissal as well as suppression, and noting that courts are undecided on the issue). The Court nonetheless notes that "the majority of courts addressing whether dismissal is appropriate when Rule 5(a) is violated hold that dismissal is inappropriate." *United States v. Ambriz-Valenzuela,* No. , 2011 WL 2579773, at *4 (D. Kan. June 28, 2011). Furthermore, the case Salinas cites as support for his dismissal argument is distinguishable on its facts because the defendant in that case was detained 106 days—100 days longer than Salinas—before he was presented to the judge. *See United States v. Osunde*, 638 F. Supp. 171, 173 (N.D. Cal. 1986).